KAREN L. LOEFFLER
United States Attorney

STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | Case No. 4:11-cr-00006-RRB-SAO |
|---|---|---|
| Plaintiff, | ) ) | COUNT 1: |
|  | ) | CONSPIRACY TO MURDER |
| vs. | ) | FEDERAL OFFICIALS |
|  | ) |   Vio. of 18 U.S.C. § 1117 |
| LONNIE G. VERNON, and | ) |  |
| KAREN L. VERNON, | ) | COUNT 2: |
|  | ) | THREATENING MURDER OF |
| Defendants. | ) | FAMILY MEMBER OF UNITED |
|  | ) | STATES JUDGE |
|  | ) |   Vio. of 18 U.S.C. § 115(a)(1)(A) and |
|  | ) | 115(b)(4) |
|  | ) |  |
|  | ) | COUNT 3: |
|  | ) | THREATENING MURDER OF |
|  | ) | UNITED STATES JUDGE |
|  | ) |   Vio. of 18 U.S.C. § 115(a)(1)(B) and |
|  | ) | (b)(4) |
|  | ) |  |
|  | ) | COUNT 4: |
|  | ) | CONSPIRACY TO POSSESS |
|  | ) | UNREGISTERED FIREARM AND |
|  | ) | DESTRUCTIVE DEVICE |
|  | ) |   Vio. of 18 U.S.C. § 371 |

|                                      | ) | COUNT 5:                          |
|--------------------------------------|---|-----------------------------------|
|                                      | ) | POSSESSION OF SILENCER            |
|                                      | ) | Vio. of 26 U.S.C. § 5861(d) and   |
|                                      | ) | 5871                              |
|                                      | ) |                                   |
|                                      | ) | COUNT 6:                          |
|                                      | ) | POSSESSION OF UNREGISTERED        |
|                                      | ) | MACHINE GUN                       |
|                                      | ) | Vio. of 26 U.S.C. § 5861(d) and   |
|                                      | ) | 5871                              |
|                                      | ) |                                   |
|                                      | ) | COUNT 7:                          |
|                                      | ) | POSSESSION OF MACHINE GUN         |
|                                      | ) | Vio. of 18 U.S.C. § 922(o) and    |
|                                      | ) | 924(a)(4)                         |
|                                      | ) |                                   |
|                                      | ) | COUNT 8:                          |
|                                      | ) | SILENCED FIREARM USED IN          |
|                                      | ) | FURTHERANCE OF A CRIME OF         |
|                                      | ) | VIOLENCE                          |
|                                      | ) | Vio. of 924(c)(1)(A)(i) and       |
|                                      | ) | 924(c)(1)(B)(ii).                 |
|                                      | ) |                                   |
| _____       | ) |                                   |

## FIRST SUPERSEDING INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times material to this indictment:

1. LONNIE G. VERNON ("L. VERNON") and KAREN L. VERNON ("K. VERNON") were residents of Salcha, Alaska.

BACKGROUND

2. In July, 2009, the United States filed a civil tax case against L. VERNON and K. VERNON (also referred herein together as "THE VERNONS") in the United States District Court for the District of Alaska alleging that they owed $118,000 as a result of failing to pay taxes to the Internal Revenue Service ("IRS") over the course of several years. This case is captioned *United States v. Lonnie G. Vernon and Karen L. Vernon, No. 4:09-cv-00038-RRB*. The case was assigned randomly to United States District Court Judge Ralph R. Beistline. THE VERNONS chose to represent themselves in this tax case.

3. In 2009, THE VERNONS filed a Counterclaim against the United States as part of their civil tax case. In response, the United States filed a Motion to Dismiss THE VERNONS' counterclaim. The District Court, per Judge Beistline, issued an order granting the United States' motion and dismissed THE VERNONS' counterclaim. In that order, dated December 28, 2009, at Docket 19, the District Court also advised THE VERNONS' of a possible foreclosure sale of their property to satisfy the tax due to the IRS.

4. On February 11, 2011, the District Court, per Judge Beistline, issued an order indicating that motion that had been filed by THE VERNONS was frivolous, and recommended that they obtain legal counsel for their own benefit.

5. On January 11, 2011, the District Court issued another order denying THE VERNONS' request to amend their pleadings, indicating that the motion was irrelevant and immaterial. Thereafter, the United States filed with the court a motion for summary judgment.

6. On February 11, 2011, the District Court issued an order that the VERNONS were required to respond to the United States' motion for summary judgment by March 7, 2011.

## DEFINITIONS

7. Title 26 of the United States Code makes it unlawful for a person to possess a machine gun, a silencer or a destructive device that is not registered to that person in the National Firearms Registration and Transfer Record, or to make a firearm in violation of the provisions of Title 26 of the United States Code. *See* 26 U.S.C. Sections 5845(a) and 5861 *et seq*.

8. Title 26, United States Code, Section 5845(f)(1) defines "destructive device" to include grenades and any combination of parts either designed or intended for use in converting any device into a destructive device and from which a destructive device may be readily assembled.

9. Title 18, United States Code, Section 921 defines the term "firearm silencer" and "firearm muffler" to mean any type of device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed

4

or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly of fabrication.

## COUNT 1

10. Paragraphs 1-9 are realleged herein.

11. Beginning at a time unknown, but at least beginning on or about February 4, 2011, and continuing until on or about March 10, 2011, in the District of Alaska, the defendants, LONNIE G. VERNON and KAREN L. VERNON, did knowingly and intentionally combine, conspire, confederate and agree with each other to kill officials and employees of the United States, namely a United States District Court Judge and an employee of the Internal Revenue Service, while such officers and employees were engaged in and on account of the performance of official duties, in violation of Title 18, United States Code, Section 1114.

## PURPOSE OF THE CONSPIRACY

12. The purpose of the conspiracy was to murder United States District Court Judge Ralph R. Beistline and an employee of the Internal Revenue Service, while such officers and employees were engaged in and on account of the performance of their official duties.

## OVERT ACTS

13. In furtherance of the conspiracy, and in order to effect the objects thereof, the defendants committed numerous overt acts within the District of Alaska, including but not limited to:

a. On or about February 4, 2011, L. VERNON travelled with another person to Anchorage and sought to obtain a silencer.

b. On or about February 21, 2011, L. VERNON again met with the person he had spoken to previously about obtaining a silencer. During this meeting, L. VERNON expressed continued interest in purchasing a silencer. L. VERNON stated he would get the money together to purchase it or trade a firearm for the silencer.

c. On or about February 25, 2011, L. VERNON said he had the money to purchase the silencer. VERNON also stated that he planned to use the silencer to kill an IRS employee.

d. On March 7, 2011, L. VERNON met with the same person that he sought to obtain the silencer from and asked if that person could provide him with hand grenades. THE VERNONS offered to trade K. VERNON's jewelry in exchange for the grenades.

e. On March 10, 2011, L. VERNON and K. VERNON purchased and received a pistol equipped with a silencer.

f. On March 10, 2011, while buying the pistol and silencer, L. VERNON and K. VERNON purchased and received three hand grenades, not knowing at the time that they were inert.

All of which is in violation of Title 18, United States Code, Section 1117.

## COUNT 2

14. Paragraphs 1-9 are realleged herein.

15. Beginning at a time unknown to the grand jury, but from at least on or about December 28, 2010, and continuing up to on or about March 10, 2011, in the District of Alaska, the defendants, LONNIE G. VERNON and KAREN L. VERNON, aiding and abetting one another, did knowingly threaten to murder a member of the immediate family of United States District Court Judge Ralph R. Beistline, with intent to impede, intimidate and interfere with the judge while engaged in the performance of his official duties, and with intent to retaliate against the judge on account of the performance of his official duties.

All of which is in violation of Title 18, United States Code, Sections 115(a)(1)(A) and (b)(4) and Title 18, United States Code, Section 2.

## COUNT 3

16. Paragraphs 1-9 are realleged herein.

17. On or about February 4, 2011, and continuing up to March 10, 2011, in the District of Alaska, the defendants, LONNIE G. VERNON and KAREN L. VERNON, aiding and abetting each other, did threaten to murder United States District Court Judge Ralph R. Beistline, with the intent to impede, intimidate and interfere with United States District Court Judge Ralph R. Beistline while engaged in the performance of his official duties, and with intent to retaliate against the judge on account of the performance of his official duties.

All of which is in violation of Title 18, United States Code, Sections 115(a)(1)(B) and (b)(4), and Title 18, United States Code, Section 2

## COUNT 4

18. Paragraphs 1-9 are realleged herein.

19. Beginning at a time unknown to the grand jury, but starting at least on or about December 28, 2009, and continuing until on or about March 10, 2011, in the District of Alaska, the defendants LONNIE G. VERNON and KAREN L. VERNON, did knowingly and intentionally combine, conspire, confederate and agree with each other, and with others known and unknown to the grand jury, to commit the following offenses against the United States:

    A. To knowingly receive and possess an unregistered firearm, specifically a firearm silencer, which was not registered to either of them in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5861(d), and 5871.

    B. To knowingly receive and possess an unregistered firearm, specifically destructive devices, which were not registered to either of them in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5861(d) and 5871.

## OVERT ACTS

20. Paragraph 13 is realleged herein.

All of which is in violation of Title 18, United States Code, Section 371.

## COUNT 5

21. Paragraphs 1-9 are realleged herein.

22. On March 10, 2011, in the District of Alaska, the defendant, LONNIE G. VERNON, did knowingly receive and possess a firearm, specifically a firearm silencer, which was not registered to him in the National Firearms Registration and Transfer Record.

All of which is in violation of Title 26, United States Code, Sections 5861(d) and 5871.

## COUNT 6

23. Paragraphs 1-9 are realleged herein.

24. On March 10, 2011, in the District of Alaska, the defendant, LONNIE G. VERNON, did knowingly possess a machine gun, specifically a Sten machine gun, not registered to him in the National Firearms Registration and Transfer Record.

All of which is in violation of Title 26, United States Code, Sections 5861(d) and 5871.

## COUNT 7

25. Paragraphs 1-9 are realleged herein.

26. On March 10, 2011, in the District of Alaska, the defendant, LONNIE G. VERNON, did knowingly possess a machine gun, specifically a Sten machine gun.

All of which is in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

## COUNT 8

27. Paragraphs 1-9 are realleged herein.

28. On March 10, 2011, in the District of Alaska, the defendant LONNIE G. VERNON did knowingly and intentionally possess a firearm, specifically a High Point .22 caliber pistol equipped with a firearm silencer, in furtherance of a crime of violence, to wit, Conspiracy to Kill an Officer and Employee of the United States, in violation of Title 18, United States Code, Section 1117.

//

//

//

//

//

//

//

//

//

//

All of which is in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 924(c)(1)(B)(ii).

A TRUE BILL.

s/ Grand Jury Foreperson
GRAND JURY FOREPERSON

s/ Steven E. Skrocki
STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov


s/ Karen L. Loeffler
KAREN L. LOEFFLER
United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov


DATED:    March 17, 2011