# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        Plaintiff,<br>    vs.<br><br>LONNIE G. VERNON, and<br>KAREN L. VERNON,<br><br>        Defendants. | 3:11-cr-028-RJB-JDR<br><br>ORDER<br>REGARDING<br>DISCOVERY and PRE-TRIAL<br>MOTION DEADLINES |

This criminal case charges two defendants with Conspiracy to Murder Federal Officials in violation of 18 U.S.C. § 1117; Threatening Murder of Family Member of United States Judge in violation of 18 U.S.C. § 115(a)(1)(A) and 115(b)(4); Threatening Murder of United States Judge in violation of 18 U.S.C. § 115(a)(1)(B) and (b)(4); Conspiracy to Possess Unregistered Firearm and Destructive Device in violation of 8 U.S.C. § 371; Possession of Silencer in violation of 26 U.S.C. § 5861(d) and 5871; Possession of Unregistered Machine Gun in violation of 26 U.S.C. § 5861(d) and 5871; Possession of Machine Gun in violation of 18 U.S.C. § 922(o) and 924(a)(4); Silenced Firearm Used in Furtherance of a Crime of Violence in violation of 924(c)(1)(A)(I) and 924(c)(1)(B)(ii). **The case has been declared complex by the trial judge**. *See* Docket 49. At a status hearing held before Judge Bryan, **trial in this case was set for March 12, 2012.**

11-cr-028-RJB-JDR VERNON et ux Order Re Discovery and Pre Trial Motions_mtd.wpd

It is the purpose of this order to set a time table for the government's production of designated categories of discovery so further litigation will not be needed. It is the intent of the Court to avoid unnecessary allocation of Criminal Justice Act (CJA) resources to the organization of discovery when it has already been undertaken by the government and to avoid unnecessary delay in the production of discovery. The parties should continue to work together to provide available discovery to the defense expeditiously and economically. The defendants should avoid filing boiler plate discovery motions where the matter can be resolved by meeting and conferring with the government attorney.

This Discovery Plan and Pretrial Motion Schedule is binding on all counsel in this case unless otherwise ordered. This order is not subject to amendment by the parties without Court approval.

The deadlines set below present the latest dates on which the government has to produce evidence relevant to that category. In the spirit of continued cooperation the Court expects the government to provide discovery prior to those dates when feasible. Because of the volume of discovery related to this case, the parties propose and the court accepts a tiered discovery plan that provides several deadlines. All discovery documents produced by the government will be bates stamped. The government will keep a list of discovery provided to the defendants and the date it was produced.

## Discovery and Inspection Plan

(1) Defendant's oral, written or recorded statements as described in Fed. R. Crim. P. 16 (a)(1)(A) and (B) shall be disclosed by the government on or before **May 16, 2011**. The parties understand that the investigative audio/video evidence under this section is in the form of specialized proprietary software which makes discovery and subsequent use at trial problematic. In order to achieve efficiency, ease of use and to prevent duplication of effort the parties have agreed, based on the understanding of the limitations of the proprietary software, that the audio and video discovery under this provision of the discovery plan will be converted and discovered in a "wav" format for audio and an "avi" format for video. The parties agree that producing the audio and video evidence in wav and avi formats facilitates ease of use for review, upload into various litigation software programs for trial, and promotes legal and judicial efficiency. The parties agree and understand that in so converting the audio/video evidence into wav and avi files that certain and limited metadata information will not translate from the proprietary program to the wav and avi files. The parties have agreed that in the event any member of the defense requires access to specific metadata from the proprietary program that they will make application to the United States for that data by notifying the United States with respect to the specific wav or avi file from which the metadata

is required. The United States agrees in good faith to provide the requested metadata. However in the event of a disagreement with respect to the metadata, the parties agree to notify the court of said disagreement by motion practice as soon as practicable.

    (2) Defendant's prior record as described in Fed. R. Crim. P. 16(a)(1)(D) shall be disclosed by the government on or before **May 9, 2011**.

    (3) All documents and tangible objects will be produced in the following stages:

    (A) The defense will provide the government with a blank hard drive onto which digital copies of documents and tangible objects such as audio recordings and computer records will be copied.

    (B) Copies of all audio tapes and files in the government's possession will be provided to each defendant by the government on or before **June 21, 2011**.

    (C) Digital copies of evidence collected during the search, if any, of defendants Lonnie Vernon and Karen Vernon's residences and vehicles will be produced by the government by **June 21, 2011**.

    (D) All evidence located on computers searched by the government will be copied and produced by the government by **July 12, 2011**.

(E) Items which cannot be copied that were seized during the search of the Vernons' residences and cars can be viewed at the FBI. Arrangements to view the items can be made by contacting the case agent and shall take place on or before **July 12, 2011**.

(F) All documents and objects as described in Fed. R. Crim. P. 16 (A)(1)(E), which are not described above, shall be produced by the government on or before **July 12, 2011**.

(4) Documents and tangible evidence, as well as oral statements, or other evidence which tends to exculpate a defendant; or is favorable or useful to the defense on the issues of guilt or punishment; or tends to effect adversely the credibility of a government witness; or is otherwise subject to disclosure as exculpatory material pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. United States</u>, 405 U.S. 150 (1972), shall be produced by the government timely to permit the defendant(s) to make effective use of that evidence at trial.

(5) The government will notify defendants by **August 5, 2011** its intent to use statements of co-conspirators, <u>and</u> the government will identify those statements as specifically as possible by **August 5, 2011**.

(6) The government will identify any experts it intends to use in its case in chief pursuant to Fed. R. Evid. 702, 703 and 705 by **September 2, 2011**.

(7) The defendants will identify any experts they intend to use at trial pursuant to Fed. R. Evid. 702, 703 and 705 by **October 7, 2011**.

(8) Government reports of examinations and tests as described in Fed. R. Crim. P. 16(a)(1)(F), shall be produced by the government on or before **November 4, 2011**.

(9) Government expert witness reports and summary of expert for use in the case-in-chief pursuant to Fed. R. Crim. P. 16 (A)(1)(G) shall be produced by the government by **November 4, 2011**.

(10) Defendant expert witness reports shall be produced by the defense to the government by **December 2, 2011**.

(11) Defense reports of examinations and tests, as described in Fed. R.Crim. P. 16 (b) (1) (B), shall be disclosed by **December 2, 2011**.

(12) Defense documents and objects as described in Fed. R. Crim. P. 16(b)(1)(A) shall be disclosed or made available for inspection by the government by **December 2, 2011**.

(13) Evidence of other crimes, wrongs or acts the government seeks to use at any time during the trial pursuant to Fed. R. Evid. 404(b) shall be disclosed on or before **January 6, 2012**.

(14) Evidence of conviction of a crime which the government seeks to

introduce at trial pursuant to Fed. R. Evid. 609 shall be disclosed on or before **January 6, 2012**.

Both the government and defense have a continuing duty to disclose any additional evidence or material discovered before or during trial if the federal rules or this Court's order requires its production. Such evidence must be promptly disclosed to the other party or the Court.

If a party fails to comply with this discovery order, the Court may order that discovery or inspection occur by a certain date and in a certain manner; grant a continuance; prohibit the offending party from introducing the undisclosed evidence at trial; or enter any other order that is just under the circumstances.

## Pretrial Motions Deadlines

|  | Motion Deadline | Response Deadline |
|---|---|---|
| Motions related to discovery produced by May 16, 2011 | August 5, 2011 | August 26, 2011 |
| Motions related to discovery; motions for bill of particulars produced by July 12, 2011 | August 19, 2011 | September 9, 2011 |
| Motions challenging the indictment or statutes involved; | Sept. 9, 2011 | Sept. 30, 2011 |
| Motions to suppress evidence; motion to disclose confidential informants; motions challenging admissibility of evidence | Dec. 2, 2011 | Dec. 23, 2011 |
| Motions to sever; motions in limine; motions related to experts | Feb 3, 2012 | Feb. 24, 2012 |

Given the lengthy time provided by the trial court for the completion of discovery and presentation of pretrial issues, no continuances of the pretrial motions due dates will be granted absent extraordinary circumstances.

A Status Hearing in this matter will be held June 13, 2011 at 9:30 AM, in U.S. District Court in Courtroom 6.

DATED this 18th day of April, 2011, at Anchorage, Alaska.

       /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge