KAREN L. LOEFFLER
United States Attorney

STEVEN E. SKROCKI
YVONNE LAMOUREUX
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov
yvonne.lamoureux@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | No. 3:11-cr-00028-01-RJB |
|---|---|---|
| Plaintiff, | ) ) ) | **UNITED STATES' SENTENCING MEMORANDUM** |
| vs. | ) ) | |
| LONNIE G. VERNON, | ) ) | |
| Defendant. | ) | |

I. SUMMARY OF SENTENCING RECOMMENDATIONS

**TERM OF IMPRISONMENT** ............................320 Months (26.5 Years)
**SUPERVISED RELEASE** ................................................................5 Years
**SPECIAL ASSESSMENT** ................................................................$300.00
**FORFEITURE** ....................................................................................None
**FINE**......................................................................................................None

The parties have agreed to a combined sentencing hearing in both Case No. 3:11-cr-00022-03-RJB and Case No. 3:11-cr-00028-01-RJB.

The United States Probation Office has prepared an extensive presentence investigation report (PSR) in both Case No. 3:11-cr-00022-03-RJB and Case No. 3:11-cr-00028-01-RJB. The United States does not dispute the factual findings or legal conclusions of the PSRs and hereby incorporates the findings of fact and the conclusions of the PSRs herein. It is the government's position that there exists sufficient and in many instances overwhelming evidence to support the factual findings of the PSRs given the vast amount of evidence admitted during trial in Case No. 3:11-cr-00022-03-RJB, the guilty verdicts returned by the jury in Case No. 3:11-cr-00022-03-RJB, the plea agreement in Case No. 3:11-cr-00028-01-RJB, and other evidence relied upon by the presentence report writer.

## II. BACKGROUND AND COUNTS OF CONVICTION[1]

Defendant Lonnie Vernon was charged with co-defendants Barney and Cox in Case No. 3:11-cr-00022-03-RJB in a 16-count indictment for a variety of federal crimes. The charges against Vernon were conspiracy to possess unregistered

---

[1] The PSRs appropriately include a number of facts regarding Vernon's co-defendants and actions they took during the course of the conspiracies. The Court can take into account Vernon's co-conspirators' actions and their statements at Vernon's sentencing.

silencers and destructive devices (Count 1), conspiracy to murder federal officials (Count 12), and carrying a firearm during a crime of violence (Count 14). Trial was held between May 7, 2012 and June 18, 2012. Approximately 80 witnesses testified during the course of the trial. Given the length of the trial, the amount of evidence, the large number of witnesses and the number of charges, jury deliberations were relatively brief.

After trial, Vernon stood convicted of Count 1 of the indictment, Conspiracy to Possess Unregistered Silencers and Destructive Devices, and Count 12, Conspiracy to Commit Murder of Federal Officials. After trial in Case No. 3:11-cr-00022-03-RJB, both Vernon and his spouse, Karen Vernon, reached plea agreements with the government in Case No. 3:11-cr-00028-01-RJB. As to Lonnie Vernon's plea agreement, he agreed to plead guilty to Count 1 of the indictment in Case No. 3:11-cr-00028-01-RJB, which charged him with Conspiracy to Murder Federal Officials, in violation of 18 U.S.C. Section 1117. As part of Lonnie Vernon's plea agreement, the parties agreed to a binding sentencing range of 262-327 months followed by 5 years of supervised release. As to Karen Vernon's plea agreement, the parties agreed to an advisory sentencing range of 188-235 months and the United States agreed to not request that the Court impose a sentence of

more than 188 months. Given their respective ages, this amounts to a near-life sentence.

Based on the Presentence Reports, coupled with the supporting evidence at trial in Case No. 3:11-cr-00022-03-RJB and in the written plea agreement in Case No. 3:11-cr-00028-01-RJB, there are no significant factual disputes concerning the offense conduct.

## III. GUIDELINE APPLICATIONS

### A. Base Offense Level

The PSRs found that the defendant's conduct has a base offense level of 33 under U.S.S.G. § 2A1.5. This base offense level is not contested by the parties.[2] This is consistent with the parties' agreement set forth on page 17 of the plea agreement in Case No. 3:11-cr-00028-01-RJB.

### B. Victim Related Adjustment: U.S.S.G. § 3A1.2(b)

Six points are added under U.S.S.G. § 3A1.2(b) as the victims here include an employee of the IRS and an employee of the Judiciary and his immediate family

---

[2] The PSR in Case No. 3:11-cr-00022-03-RJB is for all practical matters identical in terms of facts and the guideline calculations contained in the PSR for the Case No. 3:11-cr-00028-01-RJB matter. Given the plea agreement in Case No. 3:11-cr-00028-01-RJB, the commonality of facts and calculations in the two PSRs, in the government's view, there is no need to cover in detail the guideline calculations in the "22" case as it relates to the unregistered silencers and destructive devices in Count 1 of that case.

U.S. v. Vernon
3:11-cr-00028-01-RJB             Page 4 of 12

members (for Case No. 3:11-cr-00028-01-RJB) and employees of the TSA, the U.S. Marshals Service, and the Department of Homeland Security (for Case No. 3:11-cr-00022-03-RJB). (*See* attached letter under seal, Exhibit 1, Victim Impact Statement). This enhancement is consistent with the parties' agreement set forth on page 17 of the plea agreement.

    C.    **Acceptance of Responsibility**

The United States agrees with the PSR that the defendant is not entitled to a two-point departure for acceptance of responsibility. The plea agreement only came after the defendant was convicted at trial and the defendant plead guilty reluctantly. (See generally, ¶ 138 of the PSR in the "28" case). This is also consistent with the parties' agreement set forth on page 17 of the plea agreement.

    D.    **Criminal History Category Computation**

There is no dispute that Vernon's criminal history category is Category I.

IV.    **APPLICATION OF 18 U.S.C. § 3553(a)**

In addition to the Guidelines, the following sentencing factors set forth in 18 U.S.C. § 3553(a) apply: (1) the nature and circumstances of the offense and history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, afford deterrence, protect the public from further crimes and provide the defendant training and treatment; (3) the kinds of sentences

available; (4) the established Guidelines sentencing ranges; (5) any pertinent Guidelines policy statements; (6) the need to avoid unwarranted sentence disparity between defendants with similar records convicted of similar crimes; and (7) the need to provide restitution to victims of the offense. 18 U.S.C. § 3553(a)(1) through (7). Each sentencing factor is addressed in turn:

### A. Nature and Circumstances of Offense and the History and Characteristics of the Defendant.

#### 1. History and Characteristics of the Defendant

Lonnie Vernon has no prior criminal record. His employment appears to be steady over the course of his career as a long distance truck driver. From the investigation and trial in Case 22, Vernon appears to be prone to bouts of anger and irritability as well as emotional outbursts. He appears to be well versed in firearms and their use and prior to his arrest, expressed interest and appeared conversant with explosives.

#### 2. The Instant Offense(s)

The facts of the instant offenses are well known to the Court through the trial and plea agreement. The offenses involved the following subject matters:

- Two Conspiracies to Murder Federal Officials

- Conspiracy to Possess Unregistered Silencers and Hand Grenades

The foregoing offenses are serious enough to warrant a maximum sentence of life imprisonment.

**B.   Need for the Sentence to Reflect the Seriousness of the Offense, Afford Deterrence, Protect the Public, and Rehabilitate the Defendant.**

The sentence must reflect the seriousness of the offense, promote general respect for the law, and provide just punishment. In addition, the sentence must be sufficient to adequately deter criminal conduct, both for the defendant and the general community. In this case, the length of the sentence does, due to the defendant's age, provide for a sentence of life imprisonment. Aside from that, a sentence of more than 25 years reflects the seriousness of the offenses, affords deterrence, and protects the public. The only factor remaining, rehabilitation, is of no import. It is the government's position that the defendant is not rehabilitable.

**C.   Kinds of Sentences Available.**

Given the defendant's position on the sentencing guidelines scale, there are no other types of sentences available aside from significant imprisonment. Vernon's offense level is four levels below the highest level contemplated by the Sentencing Commission. An offense level of 43 renders a Guideline range of life. Here, Vernon's offense level of 39 results in an advisory range of 262-327 months' imprisonment.

## D. Sentencing Ranges Available.

The Guidelines are advisory, not mandatory, *United States v. Booker*, 543 U.S. 220 (2005), and the sentencing court may not simply presume that the Guideline range is reasonable. *Nelson v. United States*, 555 U.S. 350, 352 (2009); *Rita v. United States*, 551 U.S. 338, 351 (2007). However, the sentencing court must still carefully and correctly calculate the Guideline range, and this "remains the starting point" for any sentencing determination. *United States v. Ameline*, 409 F.3d 1073, 186 (9th Cir. 2005).

## E. Pertinent Policy Statements.

There are two policy statements pertinent here: Weapons and Dangerous Instrumentalities under U.S.S.G. § 5K2.6 and Public Welfare under U.S.S.G. § 5K2.14. Given the length of the sentence sought to be imposed, both of these policy statements, concerning upward departures under Section 5K2.6, and considering threats to public welfare, Section 5K2.14, are taken into consideration.

## F. Need to Avoid Unwarranted Sentence Disparity.

The Court must consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. The sentence sought takes into account the full range of offense conduct as performed by Vernon during the course of this investigation, case and trial. One

of Vernon's co-conspirators in the 22 case, Coleman Barney, benefitted from a hung jury as to Count 12 and was far less forward leaning in terms of action than Vernon and his spouse. Barney's sentence of five years should be no bar to the Court's consideration of the sentence sought to be imposed here given the different offenses of conviction. Vernon was clearly a loyal and committed member in Cox's militia, and was anxious to acquire additional weaponry for the militia. He was, as seen by the evidence and his plea, just as keen and anxious to follow through with his plans to murder Chief Judge Beistline, members of his family, and the IRS employee. Vernon is facing a binding sentencing range of 262-327 months, a range of approximately 21 to 27 years. His spouse, Karen Vernon, is facing an advisory sentencing range of 188-235 months, with the government agreeing not to seek more than 188 months (approximately 15 years). Both of these sentences, due to the defendants' ages, are essentially life sentences for both. The government's recommendation of 26.5 years for Lonnie Vernon is based on the totality of the offense conduct, the history and characteristics of the defendant, together with the statutory maximum sentences for the offenses of conviction, which provide for two terms of life, and five years, respectively. A sentence of this length, when contrasted with that sought by the government for Schaeffer Cox

(35 years) makes this sentence appropriate based on the totality of the circumstances.

### G. Fine, Restitution, Forfeiture.

The government agrees that the defendant will be unable to pay a fine. Restitution and forfeiture are not issues in this case.

### H. Victim Impact.

The United States has filed with the Court a victim impact statement from an immediate family member of Chief Judge Ralph R. Beistline. The letter is provided to the Court under seal. As is the practice in this district, and with Court approval, government counsel is intending to read the letter into the record at imposition of sentence. The author of the letter will not be appearing during the proceeding and is not opposed to having the letter read into the court record.

As to the victim impact statement, the letter provides the Court with real and personal information as to the impact the actions of the Vernons had and continue to have on individuals not directly related to the case. The only connection for this victim in particular is due to the fact that her father is a United States District Court Judge who was assigned to the Vernons' civil tax case. The sentence sought here will ensure that the Vernons will remain incarcerated for an extensive period of time, thus nullifying the threat they posed to the victims in this case.

## V. CONCLUSION

Lonnie Vernon is approaching sixty years of age. A sentence of 26.5 years, which is fully justified under these facts, would make him 80 years of age, roughly, at the time of release. It is, by all accounts, a life sentence as authorized by statute for his convictions for conspiracy to murder federal officials in both cases. Most certainly, if the defendant was not approaching 60, the sentence sought to be imposed would be significantly longer given the facts of this investigation, the facts gleaned therefrom, and the evidence produced at trial. That evidence supports the fact that soon after the grenades and silencer were purchased by Lonnie and Karen Vernon, they were, within a very short time, going to act on their stated plans to murder a United States District Court Judge and members of his immediate family. The sentence sought by the United States satisfies the Section 3553 factors as it incarcerates Lonnie Vernon for the remainder of the latter years of his life.

Given Vernon's stated and expressed intention to murder Judge Beistline and members of his family, and by the clear evidence that Lonnie and Karen Vernon were prepared to soon act on that intention, the sentence sought here by the United States is thoroughly appropriate.

RESPECTFULLY SUBMITTED this 31st day of December, 2012, in Anchorage, Alaska.

        KAREN L. LOEFFLER
        United States Attorney

        s/ Steven E. Skrocki
        STEVEN E. SKROCKI
        Assistant U.S. Attorney
        United States of America

        s/ Yvonne Lamoureux
        YVONNE LAMOUREUX
        Assistant U.S. Attorney
        United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on December 31, 2012, a true and correct copy
of the foregoing was served electronically on the following:

F. Richard Curtner
M.J. Haden

s/ Steven E. Skrocki
Office of the U.S. Attorney

U.S. v. Vernon
3:11-cr-00028-01-RJB        Page 12 of 12