UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br>   v.<br><br>LONNIE G. VERNON,<br><br>             Defendant. | CASE NOS. 3:11-CR-0028-RJB<br><br>              3:11-CR-0022-RJB<br><br>ORDER GRANTING MOTION<br>FOR REDUCTION IN SENTENCE |

Lonnie G. Vernon now moves, in the two above-referenced cases, for reduction in sentence pursuant to 18. U.S.C. § 3582(c)(1)(A) (Compassionate Release). 3:11-CR-0028-RJB, Dkt. 224 & 3:11-CR-0022-RJB, Dkt. 838. He was sentenced to 310 months, to be served concurrently, on charges relating to Conspiracy to Murder Federal Officials. He has a scheduled release date of May 7, 2033, and has served approximately fourteen years and one month in federal custody (approximately 169 months), having commenced his term on March 10, 2011. He is 69 years old.

Mr. Vernon has fulfilled all conditions precedent to his motions.

Mr. Vernon offers a sensible release plan for housing and assistance from family.

ORDER GRANTING MOTION FOR REDUCTION IN SENTENCE - 1
Case 3:11-cr-00028-RJB    Document 235    Filed 04/24/25    Page 1 of 8

This is Mr. Vernon's second motion for sentence reduction. His earlier motion was denied (3:11-CR-0028-RJB, Dkt. 222 & 3:11-CR-0022-RJB, Dkt. 831).

Mr. Vernon first argues that his age and serious health problems present extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. §3582(c) (1)(A) and United States Sentencing Guideline Policy §1B1.13. The government challenges Mr. Vernon's showing.

Mr. Vernon has been diagnosed with ischemic cardiomyopathy (weakened heart from previous heart attacks), congestive heart failure, coronary artery disease, a left ventricular thrombus, obesity, diabetes mellitus, hypertension, and arthritis. He has a pacemaker than needs adjustment. His heart function is severely reduced. He has other serious medical conditions. His mobility is substantially reduced, and he is mostly wheelchair bound. *See* Dr. Seto's Report (3:11-cr- 00028-RJB, Dkt. 224-3 & 3:11-CR-0022-RJB, Dkt. 838-3) for a review of Mr. Vernon's healthcare and disabilities. That report is generally consistent with the other medical opinions in the case files.

Mr. Vernon's symptoms are severe. He is often hospitalized because of his heart failure. His pacemaker needs attention. Dr. Seto anticipates a three-year life expectancy. His sleep apnea is causing a blood disorder. He takes blood thinners to control his thrombus (blood clot) in his heart. He has difficulty standing and walking. His CPAP machine causes nosebleeds. He has fatigue, joint pain and edema in his feet. He always appears chronically ill.

While the government argues that his illnesses are not extraordinary or compelling, the record does not support that conclusion. The medical records support the seriousness of Mr. Vernon's condition.

While it is true that Mr. Vernon has rejected some recommended medications, that is the right of any patient, even if ill-advised. It is Mr. Vernon's choice, and there is no proof that any medication rejection has seriously been a cause of his current symptoms.

In the face of Mr. Vernon's medical problems, the Court must determine whether his condition comes under 18. U.S.C. §3582(c)(1)(A)(i). Under that statute, the Court "may reduce the term of imprisonment" . . . "after considering the factors set forth in Section 3553(a) to the extent that are applicable if it finds that - (i) extraordinary and compelling reasons warrant such a reduction or . . . that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Such policy statements are found in the 2024 Guidelines Manual of the U.S. Sentencing Commission.

## EXTRAORDINARY AND COMPELLING

It is an easy task to look at Mr. Vernon's conditions and conclude that it is both extraordinary and compelling, but the law tells us that we must apply the Guidelines.

Section 1B1.13(a) is essentially a repeat of 18 U.S.C. § 3582(c)(1)(A), but again reminds us of the importance of the safety of the public, adding 18 U.S.C. § 3142(g) to that concern, and reinforces our concern over consistency with the policy statements.

Section 1B1.13(b) describes some circumstances - or a combination of circumstances,- that lead to extraordinary and compelling findings. That section is set out below in pertinent part:

> **§1B1.13. <u>Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)</u> (Policy Statement)**
>
> . . . .
>
> (b) <u>Extraordinary and Compelling Reasons</u>.—Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:

(1) <u>Medical Circumstances of the Defendant</u>.—
(A) The defendant is suffering from a terminal illness (<u>i.e.</u>, a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (<u>i.e.</u>, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
(B) The defendant is—
 (i) suffering from a serious physical or medical condition,
 (ii) suffering from a serious functional or cognitive impairment, or
 (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

. . . .

(2) <u>Age of the Defendant</u>.—The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

. . . .

(5) <u>Other Reasons</u>.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

USSG §1B1.13, p.s.(2024).

In examining Mr. Vernon's case, we note that extraordinary and compelling reasons are not wholly described, but the Policy gives examples that the reader must apply and consider.

Under Section 1B1.13(a), Mr. Vernon arguably is suffering from a terminal illness, but the examples shown appear to be more severe than Mr. Vernon's.

Under Section 1B1.13(b)(1)(B), Mr Vernon appears to fit all of the examples listed - a serious physical and medical condition, serious functional impairment, age-related health

deterioration, issues of self-care in the institution, and unlikelihood of recovery. He qualifies, under Section 1B1.13(b), for a finding of extraordinary and compelling condition.

Under Section 1B1.13(b)(1)(C), Mr. Vernon may qualify, but it is not factually finalized for this analysis.

Under Section 1B1.13(b)(2), Mr. Vernon is 69 years old, is experiencing deterioration as described, has served over 14 years, which is less than 75 percent of his term. He qualifies for an extraordinary and compelling finding under this section.

Under §1B1.13 (b)(5), Mr. Vernon qualifies for an extraordinary and compelling finding under all of the circumstances presented here, viewed individually or as a group of findings.

Certainly, under the facts presented, and under the combination of circumstances presented, Mr. Vernon qualifies for an extraordinary and compelling finding, which the Court now so finds.

We have seen - and now concludes - that Mr. Vernon presents physical conditions that follow the Sentencing Guideline Policies and present an extraordinary and compelling reason for a reduced sentence, either on individual sections of §1B1.13 or a combination of those sections.[1]

## SAFE TO BE AT LARGE

Remaining is the key to Mr. Vernon's Motion for Compassionate Release: Is he safe to be at large? The Court must consider that question in light of the law: 18 U.S.C. §3553(a) and United States Sentencing Guidelines Policy Statement under §1B1.13, citing 18 U.S.C. §3142(g). 18 U.S.C. 3553(a) raises these questions in pertinent part:

---

[1] It is interesting to note that the United States Sentencing Guidelines do not eliminate, from the Court's concerns, the dictionary definitions of the terms "extraordinary" and "compelling." The United States Sentencing Guidelines do not change the meaning of those terms and Mr. Vernon's conditions meet those definitions.

The court, in determining the particular sentence to be imposed, shall consider—
   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
   (2) the need for the sentence imposed—
       (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
       (B) to afford adequate deterrence to criminal conduct;
       (C) to protect the public from further crimes of the defendant; and
       (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
   (3) the kinds of sentences available.

18 U.S.C. § 3142(g) provides guidance to the Court in considering a release, as follows:

(g) Factors To Be Considered.—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
   (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
   (2) the weight of the evidence against the person;
   (3) the history and characteristics of the person, including—
       (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
       (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
   (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In analyzing 18 U.S.C. §3553, the Court is aware of Mr. Vernon's convictions, his lengthy trial and plea proceedings and sentencing, as well as the court filings in support of, and in opposition to, the pending motion. The undersigned was the trial, plea and sentencing judge, as well as the judge for the post-sentencing matters.

The record showed that Mr. Vernon was very near to executing his plan to murder a United States District Judge and Internal Revenue Service employees. Fortunately, his arrest occurred before he acted on his plan. The seriousness of the case was reflected in the 310-month sentence imposed.

Mr. Vernon has already served a lengthy sentence of 169 months (Fourteen years and one month) and it appears highly unlikely that he will embark on similar criminal activities. He has, apparently, put his criminal activities behind him and so assures the Court. (*See* (3:11-cr-00028-RJB Dkt. 224-4 & 3:11-cr-00022-RJB Dkt. 838-4).[2] His health concerns are a substantial impediment to criminal activities  He is facing five years of supervised release that should also be a substantial impediment to criminal activities. He has family support that will provide a strong impetus to any criminal activities. He is in a severely handicapped physical situation and his family support should see to better medical care than what is available in the prison setting. Those events should afford reasonable deterrence to criminal activity and better access to medical care.

The Court is mindful that Mr. Vernon has expressed anger at the federal government. He is not alone in those feelings. It appears, however, that he has no plan to act in any criminal way on those concerns.

In regard to 18 U.S.C. §3142(g), this Judge has carefully considered all of the guidance set forth in the statute and concludes that conditions of supervised release and Mr. Vernon's conditions based on a reduced sentence will reasonably assure Mr. Vernon's appearance in court and on supervised release and will provide for the safety of other persons and the community.

---

[2] Contrary to Plaintiff's arguments, the undersigned believes that Mr. Vernon's letter should be accepted as an attempt to illustrate Mr. Vernon's confidence in a future crime-free life.

CONCLUSION AND ORDER

Under all of the circumstances presented, the Defendant's Motion for Compassionate Release (3:11-CR-0028-RJB, Dkt. 224 & 3:11-CR-0022-RJB, Dkt. 838) is GRANTED with release to be effective at not more than 45 days from the entry of this Order, with Defendant's penalty of imprisonment to be reduced to time served in accord with this Order.

The 45-day delay in this Order is to allow Probation Services to arrange for Mr. Vernon's supervise release plans, including living arrangements.

Defendant's term of supervised release will start on the day of his actual release from custody.

IT IS SO ORDERED.

Dated this 24th day of April, 2025.

ROBERT J. BRYAN
United States District Judge